UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

KATHY GRINSTEAD,                                          CASE NO. 09-50810-NPO

DEBTOR.                                                              CHAPTER 13

MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO UPHOLD ORDER LIFTING AUTOMATIC STAY

This matter came on for hearing (the "Hearing") on June 23, 2009, on the Motion to Uphold Order Lifting Stay as it Pertains to Movant (the "Motion") (Dkt. No. 12) filed by New South Federal Savings Bank (the "Creditor")[1], the Creditor's Brief in Support of Motion (the "Creditor's Brief") (Dkt. No. 35), the Response to the Motion to Uphold Order Lifting Automatic Stay as it Pertains to Movant (the "Response") (Dkt. No. 27) filed by Kathy Grinstead (the "Debtor"), and the Debtor's Brief in Opposition of the Motion (the "Debtor's Brief") (Dkt. No. 33) in the above-styled chapter 13 case. At the Hearing, R. Cory Anthony represented the Creditor, and John H. Anderson ("Mr. Anderson") represented the Debtor. The Court, having considered the testimony and evidence presented at the Hearing, concludes for the following reasons that the Motion is well-taken and should be granted as discussed herein.[2]

---

[1] The issue of whether this matter should have been brought by motion or by adversary proceeding was not addressed by either party. The Court finds that the Creditor may seek enforcement of the Agreed Order ("Agreed Order Terminating Stay") (08-50282, Dkt. No. 69) through the Motion. *See* Barner v. Saxon Mortg. Services, Inc., 2008 WL 4489758 at n.3 (S.D. Miss.)(citing In re Navigator Gas Transp. PLC, 358 B.R. 80, 86 (Bankr. S.D.N.Y. 2006); In re WorldCorp. Inc., 252 B.R. 890, 895 (Bankr. D. Del. 2000)).

[2] The following constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

## I. Jurisdiction

This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G). Notice of the Hearing was proper under the circumstances.

## II. Facts

The Creditor held a first lien on property at 18 Stamps Circle, Prentiss, Mississippi 39474, (Lot 79, Stamps Subdivision No. 2) (the "Property") by virtue of a deed of trust (the "Deed of Trust"), dated August 23, 2006, and recorded at Book 507, Page 471, Jefferson Davis County, Mississippi land records. The Deed of Trust was given to secure a note (the "Note") for a loan made to the Debtor. The Debtor is the only title holder of the Property. Additionally, the Debtor is the only signatory to the Note and is the only person obligated for that debt. The Debtor's husband, Marcus Grinstead ("Marcus Grinstead"), does not have an ownership interest in the Property, nor did he sign the Note or any other document obligating him to pay the Note. Marcus Grinstead did, however, sign the Deed of Trust.

### A. The Previous Case

The Debtor filed a voluntary chapter 13 petition on February 25, 2008 (Case No. 08-50282, Dkt. No. 1). On April 29, 2008, the Trustee filed a Motion to Dismiss (08-50282, Dkt. No. 25) for failure to make plan payments. The Debtor responded with a Motion to Convert to a Chapter 7 (08-50282, Dkt. No. 26) which the Court granted (08-50282, Dkt. No. 27) on May 8, 2008. On June 9, 2008, the Court entered an Order Dismissing Bankruptcy Case for Failure to Appear at the Meeting of Creditors Pursuant to § 341 (08-50282, Dkt. No. 39). The case was reinstated (08-50282, Dkt. No. 50) on July 10, 2008. On August 15, 2008, the Creditor filed a Motion for Relief from

Automatic Stay and for Abandonment of Property (08-50282, Dkt. No. 57). On December 3, 2008, the Creditor and the Debtor entered the Agreed Order Terminating Stay, which set forth in pertinent part:

> 4) The Court finds that the Debtor shall be permitted until December 15, 2008, within which to submit to movant's attorney the sum of $12,286.19 in Certified Funds payable to New South Federal Savings Bank. . . . In the event Debtor fails to make timely payments to movant on the arrearages due on or before December 15, 2008, the automatic stay herein shall be immediately lifted as to movant . . . without further notice to Debtor or Debtor's attorney, the property abandoned from the bankruptcy estate. . . .
> . . .
> Entry of this order shall constitute the entry of final judgment pursuant to Bankruptcy Rule 9021 and Rule 58 of the Federal Rules of Civil Procedure and shall be applicable to any subsequent case filed by the Debtor under the Bankruptcy Code or conversion of this case to any other Chapter under the Bankruptcy Code.

The Debtor did not remit the funds to the Creditor, and the automatic stay terminated as to the Creditor. The chapter 7 case was closed December 31, 2008 (08-50282, Dkt. No. 71).

### B. The Current Case

A notice of foreclosure sale was prepared and published in a newspaper of general circulation on April 1, April 8, and April 15, 2009. The Debtor filed a voluntary chapter 13 petition (09-50810, Dkt. No. 1) on April 21, 2009. Relying on the Agreed Order Terminating Stay, the Creditor carried out the scheduled foreclosure sale on April 22, 2009. The Debtor did not file the Substituted Trustee's Deed, but instead filed the Motion with the Court.

### III. Issues

The two issues pending before the Court are: 1) whether the foreclosure sale violated the co-debtor stay under 11 U.S.C. § 1301[3]; and, 2) whether the foreclosure sale violated § 1322(b) and (c).

---

[3]Hereinafter all code sections refer to the United States Bankruptcy Code unless otherwise noted.

## IV. Discussion

**A.     The Foreclosure Sale did not Violate § 1301.**

Section 1301 states in pertinent part:

(a) Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt. . . .

The foreclosure sale did not violate the co-debtor stay pursuant to § 1301. Marcus Grinstead was not entitled to protection under § 1301 because he was not a co-debtor. He is neither "liable on such debt" with the Debtor, not did he "secure[] such debt."

### 1. Marcus Grinstead is not Liable on Such Debt with the Debtor.

Marcus Grinstead is not liable on the Note because he did not sign it or any other document which would have made him liable. The Deed of Trust, at ¶ 13, makes clear that Marcus Grinstead "is not personally obligated to pay the sums secured by this Security Agreement." Thus, he is not "liable on such debt" with the Debtor as specified in § 1301(a).

### 2. Marcus Grinstead did not Secure the Debt.

Mr. Anderson argued at the Hearing that Marcus Grinstead was a co-debtor, entitled to § 1301 protection, because his signature on the Deed of Trust was necessary since the Property securing the Note was his homestead. Mr. Anderson, however, provided no authority to support this position. Furthermore, the Court finds that the law does not support the Debtor's position.

The Mississippi statute governing the homestead interest as it relates to deeds of trust states:

A conveyance, mortgage, deed of trust or other incumbrance upon a homestead exempted from execution shall not be valid or binding unless signed by the spouse of the owner if the owner is married and living with the spouse. . . .

Miss. Code Ann. § 89-1-29 (Rev. 1999). The Mississippi Supreme Court has held that Miss. Code Ann. § 89-1-29 "mandates that any conveyance of [a] homestead without the joinder of both spouses is invalid. We have consistently held that such a conveyance is null and void 'as to both the husband and wife.'" Ward v. Ward, 517 So. 2d 571, 572 (Miss. 1987). In other words, for one spouse to encumber a homestead, the other spouse must consent.

It does not follow, however, that by signing a deed of trust the non-owner spouse acts to secure the debt. It is well-settled law in Mississippi that a homestead right is not a property interest. The Mississippi Supreme Court has held that Miss. Code Ann. § 89-1-29 does not give the spouse any interest in the property, only the power to veto any attempted conveyance or incumbrance by the owner. 7 ENCYCLOPEDIA OF MISSISSIPPI LAW § 62.39 (Jeffrey Jackson & Mary Miller eds., West 2001); *See also* Ward, 517 at 572; McFarlane v. Plant, 188 So. 530, 531-32 (Miss. 1939)(holding that the law was the same even under the older statute - Code 1930, § 1778); New Orleans Railway & Mill-Supply Co. v. Gatti, 27 So. 601, 601 (Miss. 1900)(holding that "[t]he right of Mrs. Gatti in the homestead of her husband was not a property right. . . . It was a mere power of veto against conveyance of it by her husband without her consent.")

By signing the Deed of Trust in the case at bar, Marcus Grinstead did not convey a property interest or act to secure a debt. Since he had no right in the Property, his signature on the Deed of Trust did not secure the Note but merely waived his power of veto against the Debtor's incumbrance of the Property. Accordingly, the foreclosure was not stayed under § 1301.

  **B.**  **The Foreclosure Sale did not Violate § 1322.**

Mr. Anderson also argued at the Hearing that the foreclosure sale violated § 1322(b) and (c) and was, therefore, invalid. Section 1322(b) and (c) permit a debtor filing a chapter 13 petition to

submit a plan to provide for the curing of a default in regard to a principal residence. The Debtor's reliance on § 1322 is misplaced because this Court had previously issued the Agreed Order Terminating Stay. The Agreed Order Terminating Stay, signed by Mr. Anderson on behalf of the Debtor, clearly states that upon certain stated circumstances, the automatic stay "shall be immediately lifted as to movant [Creditor]." The automatic stay terminated as to the Creditor after December 15, 2008, due to the Debtor's failure to comply with the terms of the agreement set forth in the Agreed Order Terminating Stay.

Prior to The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), no statutory authority existed in the Bankruptcy Code which would authorize a bankruptcy court to reimpose the stay once it has been lifted as to a certain creditor. *See* In re Hale, 128 B.R. 310, 312 (Bankr. N.D. Fla. 1991)(citing In re Terramar Mining Corp., 70 Bankr. 875 (Bankr. M.D. Fla. 1987)). Furthermore, prior to BAPCPA, the Fifth Circuit held that once lifted, a stay cannot be reimposed by a bankruptcy court under § 362. Browning v. Navarro, 743 F.2d 1069, 1084 (5th Cir. 1984)(citing In re Stuart Motel, Inc., 15 B.R. 28 (Bankr. S.D. Fla. 1981)); *see also* Home Life Ins. Co. v. Abrams Square II, Ltd., 95 B.R. 51, 54 (N.D. Tex. 1988). In Jefferson v. Mississippi Gulf Coast YMCA, Inc., 73 B.R. 179, 182 (S.D. Miss. 1986), the district court for the Southern District of Mississippi decided that an *in rem* order lifting the automatic stay entered under the pre-BAPCPA version of § 362(d) remained in effect despite a subsequent bankruptcy filing, provided that the previous bankruptcy involved the same debtors, the same creditors, and the same property.

BAPCPA added § 362(b)(20) which limits "the enforcement of a lien against or security interest in real property following the entry of an order in a prior bankruptcy case prohibiting the

application of the automatic stay as to that property." 3 Collier on Bankruptcy, ¶ 362.05[19][a] at p. 362-79 (15th ed. Revised 2005). Section 362(b)(20) states:

> (b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay –
> (20) under subsection (a), of any act to enforce any lien against or security interest in real property following entry of the order under subsection (d)(4) as to such real property in any prior case under this title, for a period of 2 years after the date of the entry of such an order, except that the debtor, in a subsequent case under this title, may move for relief from such order based upon changed circumstances or for other good cause shown after notice and a hearing.

However, § 362(b)(20) does not appear to apply. The Agreed Order Terminating Stay in the prior case was entered within the past two (2) years, and the Debtor never moved for relief from the Agreed Order Terminating Stay based upon changed circumstances or for other good cause shown in the above-styled case.

In the case at bar, the Agreed Order Terminating Stay which was entered by this Court on December 3, 2008, conditionally granted relief from the stay as to the Creditor. The Debtor's subsequent filing of the present petition, therefore, had no effect on the Creditor. Accordingly, the Debtor cannot utilize the provisions of § 1322 with respect to the Creditor whose actions are not stayed by the present case. To hold otherwise would eviscerate the "once lifted, always lifted" doctrine as modified by § 362(b)(20) and create an absurd result. If what Mr. Anderson argues were the law, an order terminating stay would be rendered meaningless because faced with an order terminating stay, all a Debtor would have to do to have a stay reimposed would be to dismiss one case and then file a new chapter 13 petition. This Court declines to reach a result so contrary to the intent of the Bankruptcy Code. Therefore, the foreclosure sale by the Creditor did not violate § 1322.

## IV. Conclusion

The stay as to the Creditor terminated after December 15, 2008. The Debtor's subsequent filing of this chapter 13 case did not reimpose a stay as to the Creditor. The Creditor's foreclosure sale of the Property which served as the collateral for the Note did not violate §§ 1301 or 1322, but was a valid foreclosure sale. Accordingly, the Court finds that the Creditor's Motion should be granted as set forth herein. The Creditor may file the Substituted Trustee's Deed.

A separate final judgment consistent with this Memorandum Opinion and Order will be entered by this Court in accordance with Federal Rule of Bankruptcy Procedure 9021.

IT IS, THEREFORE, ORDERED that the Motion hereby is granted as set forth herein.

SO ORDERED.

_____
Neil P. Olack
United States Bankruptcy Judge
Dated: August 14, 2009